IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA

VS.

MARK A. HURT

DOCKET NO. 5:02-CR-16-DF

Filed at 11:16 AM
DATE April 18, 2002
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and MARK A. HURT, hereinafter referred to as "Defendant," and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that he has reviewed and discussed the information against him in this matter with his attorney and his attorney has explained to defendant his understanding of the government's evidence.

(2)

The defendant understands that he is not required to plead guilty, and that he has the right to plead not guilty and to elect instead to be tried by jury. The defendant understands that at a jury trial, he would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. The defendant understands that he would be entitled to the services of a lawyer at all stages of such a trial. The defendant understands that he would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in defendant's own behalf. The defendant understands that he would have the right

to testify in his own behalf, but that he could not be compelled to do so. Defendant has discussed these rights with his attorney. Defendant is satisfied with the services of his lawyer. Defendant knowingly and voluntarily waives his right to plead not guilty and to proceed to trial.

(3)

Defendant being fully cognizant of his rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(e), Federal Rules of Criminal Procedure, as follows:

(A) The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Counts One and Two of the information (attached hereto as Exhibit A) which charge defendant with "Bank Fraud," in violation of Title 18, United States Code, Section 1344.

(B) That defendant fully understands that his plea of guilty as set forth in Subparagraph (A), above, will subject him to a maximum sentence on each count of thirty (30) years imprisonment, a maximum fine of $1,000,000.00, or both, and a term of supervised release of five (5) years. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $200.00 ($100.00 per count).

(C) The defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that defendant may have received from his counsel, the government, or the Probation Office. The defendant further acknowledges and agrees that defendant will not be allowed to withdraw his plea because he has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct guideline range.

(D) The defendant understands fully and has discussed with his attorney that the Court will not be able to determine the appropriate guideline sentence until after a presentence investigative report has been completed. The defendant understands and has discussed with defendant's attorney that the he will have the opportunity to review the presentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Presentence Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E) Defendant understands and has discussed with defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G) Defendant understands, and has fully discussed with defendant's attorney, that the Court shall order total restitution in this case pursuant to 18 U.S.C. § 3663A and that defendant agrees to pay the restitution ordered by the Court whether to an identifiable victim or the community.

(H) Understanding that Title 18, United States Code, Section 3742, provides for appeal by a defendant of defendant's sentence under certain circumstances, defendant by this agreement waives any right to a direct appeal or other review of defendant's sentence by the District Court or Court of Appeals after conviction except in the case of an upward departure from the guidelines and any claim of ineffective assistance of counsel.

The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the defendant's sentence pursuant to this statute, the defendant is released from defendant's waiver of defendant's right to appeal altogether.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought in this district against the defendant.

(B) That he further agrees, if the defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to defendant's cooperation, to make the extent of the defendant's cooperation known to the sentencing court. If the defendant is not completely truthful and candid in his cooperation with the Government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge.

(C) Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the government by the defendant in connection with defendant's cooperation and as a result of the defendant's plea agreement to cooperate will not be used in

determining the applicable guideline range. Further, the government agrees not to bring additional charges against the defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. § 924(e)(2)(B)(i), based on any information provided by the defendant in connection with the defendant's cooperation, which information was not known to the government prior to said cooperation. This does not restrict the government's use of information previously known or independently obtained for such purposes.

(D) If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that the defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not the defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(E) That he agrees not to oppose any downward departure and sentence that the Court may determine to be appropriate in this matter after a full consideration of the facts.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the

5

United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this 29th day of March, 2002.

MAXWELL WOOD
UNITED STATES ATTORNEY

BY: _____
PAUL C. McCOMMON III
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 484650

I, MARK A. HURT, have read this agreement and had this agreement read to me by my attorney, O. Hale Almand, Jr. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
MARK A. HURT
DEFENDANT

I, O. Hale Almand, Jr., attorney for defendant MARK A. HURT, have explained the information and the government's evidence received through discovery and my investigation of the charge to defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

_____
O. HALE ALMAND, JR.
ATTORNEY FOR DEFENDANT